PEOPLE v JOHNSON

1. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—FAILURE TO
   PRODUCE—APPEAL AND ERROR—PRESERVING QUESTION.

   The Court of Appeals will not consider a defendant's argument
   that the prosecutor failed to indorse and produce alleged res
   gestae witnesses where the defendant neither requested the
   production of the witnesses prior to or during trial nor made a
   motion for a new trial.

2. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—WAIVER OF
   PRODUCTION—TRIAL TACTICS—WAIVER BY COUNSEL.

   The waiver of production of res gestae witnesses is a trial tactic
   within the province of counsel; waiver by a defendant person-
   ally is not required when the defendant is represented by
   counsel.

Appeal from Recorder's Court of Detroit, Robert
J. Columbo, J. Submitted June 8, 1976, at Detroit.
(Docket No. 27172.) Decided July 16, 1976.

James Johnson was convicted of unlawfully driv-
ing away a motor vehicle and of receiving stolen
property over the value of $100. Defendant ap-
peals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Criminal Division, and *Andrea L. Solak,*
Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.
   58 Am Jur 2d, New Trial § 41.

*Philip J. Caruso (Alvin C. Sallen,* of counsel), for defendant on appeal.

Before: J. H. Gillis, P. J., and T. M. Burns and W. Van Valkenburg,* JJ.

Per Curiam. Defendant was convicted of unlawfully driving away a motor vehicle, MCLA 750.413; MSA 28.645, and receiving stolen property over $100, MCLA 750.535; MSA 28.803. He was sentenced to two concurrent sentences of 2-1/2 to 5 years in prison and appeals as of right.

We cannot consider defendant's argument that the prosecutor failed to endorse and produce alleged res gestae witnesses. Defendant did not request the production of the witnesses prior to or during trial, nor did he move for a new trial. *People v Robinson,* 390 Mich 629, 634; 213 NW2d 106 (1973). The issue is not preserved for appellate review.

We find no merit in the argument that the trial court erred in failing to obtain defendant's personal consent to the waiver of production of endorsed witnesses. The right of confrontation is not of such moment that it requires waiver by the defendant personally when he is represented by counsel. Such waiver as we have in this case is a trial tactic within the province of counsel. *People v Lawrence,* 32 Mich App 591, 593; 189 NW2d 48 (1971).

Affirmed.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.