PEOPLE v LAWSON

Docket No. 58434. Submitted December 7, 1982, at Lansing.—Decided March 22, 1983.

Herman E. Lawson was convicted of third-degree criminal sexual conduct following a bench trial in Washtenaw Circuit Court and was sentenced, Ross W. Campbell, J. Defendant appeals. *Held:*

1. Defendant's argument that he was denied effective assistance of counsel by his attorney's failure to investigate a possible insanity defense is not supported by the record. The Court of Appeals will not review a claim for ineffective assistance of counsel based on allegations not supported by the record where no motion for a new trial or for an evidentiary hearing or a motion for remand has been filed.

2. Defendant's waiver of his right to confront a res gestae witness was inadequately made since such waiver must be knowingly and intelligently made and the record in this case fails to show that defendant knowingly and intelligently waived that right. Such waiver will not be presumed from a silent record. However, this error was harmless beyond a reasonable doubt since the complainants' testimony went unrebutted and because defendant confessed and a bench trial was invovled.

3. The issue of whether defendant was improperly sentenced as a third-felony offender is not properly before the Court of Appeals. Defendant's sentence is affirmed without prejudice.

Affirmed.

1. APPEAL — CRIMINAL LAW — ASSISTANCE OF COUNSEL.

The Court of Appeals will not review a claim for ineffective assistance of counsel based on allegations not supported by the record where no motion for a new trial or for an evidentiary hearing or a motion for remand has been filed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 624-627.
[2] 21A Am Jur 2d, Criminal Law § 956 *et seq.*
[3, 5] 21A Am Jur 2d, Criminal Law § 996.
[4] 5 Am Jur 2d, Appeal and Error § 867.
[6] 21 Am Jur 2d, Criminal Law § 535 *et seq.*

2. CRIMINAL LAW — RIGHT OF CONFRONTATION.

   A defendant's right of confrontation is guaranteed through three
   devices: cross-examination, the oath, and demeanor.

3. CRIMINAL LAW — RIGHT OF CONFRONTATION — WAIVER.

   A defendant may validly waive his right of confrontation.

4. APPEAL — CRIMINAL LAW — CONSTITUTIONAL RIGHTS — WAIVER —
   PRESUMPTIONS.

   A waiver of a constitutional right will not be presumed by the
   Court of Appeals from a silent record.

5. CRIMINAL LAW — WITNESSES — RES GESTAE WITNESSES — RIGHT OF
   CONFRONTATION — WAIVER.

   A defendant's attorney may waive the defendant's right to de-
   mand that all res gestae witnesses be produced; the more
   integral parts of the defendant's right to confrontation, *i.e.,*
   cross-examination, the oath, and demeanor of a witness, must
   be personally waived by the defendant.

6. CRIMINAL LAW — SENTENCING.

   A trial judge may not sentence a defendant under an incorrect
   statute.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*Susan I. Einowski,* for defendant on appeal.

Before: BRONSON, P.J., and T. M. BURNS and ALLEN, JJ.

PER CURIAM. On March 25, 1981, defendant was convicted after a bench trial of third-degree criminal sexual conduct, MCL 750.520d(1)(a); MSA 28.788(4)(1)(a), and was subsequently sentenced to a term of from 8 to 15 years imprisonment. He appeals as of right.

Defendant first argues that he was denied effective assistance of counsel by his attorney's failure

to investigate a possible insanity defense. However:

" 'A convicted person who attacks the adequacy of the representation he received at his trial must prove his claim. To the extent his claim depends on facts not of record, it is incumbent on him to make a testimonial record at the trial court level in connection with a motion for a new trial which evidentially supports his claim and which excludes hypotheses consistent with the view that his trial lawyer represented him adequately.' *People v Jelks,* 33 Mich App 425, 431; 190 NW2d 291 (1971)." *People v Ginther,* 390 Mich 436, 442-443; 212 NW2d 922 (1973).

In other words, this Court will not review a claim for ineffective assistance of counsel based on allegations not supported by the record where no motion for a new trial or for an evidentiary hearing or a motion for remand has been filed. *People v Hale,* 99 Mich App 177; 297 NW2d 609 (1980). *People v Snyder,* 108 Mich App 754; 310 NW2d 868 (1981), and *People v McDonnell,* 91 Mich App 458; 283 NW2d 773 (1979), *lv den* 407 Mich 938 (1979), are distinguishable. They held that a defendant had been deprived of the effective assistance of counsel where the counsel knew about a history of psychiatric disorders but neither sought a hearing nor investigated. In the present case, the record fails to show that defense counsel in fact failed to investigate. See *People v Caldwell,* 122 Mich App 618; 333 NW2d 105 (1983).

Defendant next argues that his right to confrontation was abridged. Although the victim's mother was present on the trial's first day, she refused to come the second day claiming that she could not miss another day of teaching school. After the trial judge denied the prosecutor's motion to strike

her as a witness, the parties recessed. Immediately after, the following exchange occurred:

"With the consent of counsel and the defendant previously secured the court is arranging to have the testimony of the witness * * * taken by conference telephone. [She] is a school teacher * * * and was unable to come back to court today. She is going to be reached by telephone.

"I have here in the office the defendant, Herman Lawson, the prosecutor, the defense attorney and my bailiff and a sheriff's deputy and the court reporter. Let me ask counsel, is this procedure agreeable gentlemen and do you waive any defects of her not being personally visible before the court. Is this agreeable to counsel?

"*Mr. Fell:* On behalf of the defendant, we would agree to this procedure and have no objection.

"*Mr. Mackie:* People certainly have no objection, your Honor.

"*The Court:* Thank you, Mr. Mackie. Mr. Lawson, is that agreeable to you?

"*The Defendant:* Yes, it is."

A defendant's right of confrontation is guaranteed through three devices: cross-examination, the oath, and demeanor. *California v Green,* 399 US 149; 90 S Ct 1930; 26 L Ed 2d 489 (1970); *Mattox v United States,* 156 US 237; 15 S Ct 337; 39 L Ed 409 (1895). The specific problem in this case is that defendant was unable to view the witness's demeanor. See *People v Niswonger,* 87 Mich App 57, 60, fn 1; 273 NW2d 586 (1978). See also *People v Williams,* 123 Mich App 752; 333 NW2d 577 (1983) (R. M. MAHER, J., *dissenting).*

However, a defendant may validly waive his right of confrontation. *Brookhart v Janis,* 384 US 1; 86 S Ct 1245; 16 L Ed 2d 314 (1966); *People v Ashley,* 42 Cal 2d 246; 267 P2d 271 (1954). Yet, the

present waiver was inadequate. A waiver must be knowingly and intelligently made. In fact, courts will " 'indulge every reasonable presumption against waiver' of fundamental constitutional rights". *Johnson v Zerbst,* 304 US 458, 464; 58 S Ct 1019, 1023; 82 L Ed 1461, 1466 (1937). Furthermore,

"To discharge *[Johnson's]* duty in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. * * * A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." *Von Moltke v Gillies,* 332 US 708, 723-724; 68 S Ct 316, 323; 92 L Ed 309, 321 (1948). (Footnote omitted.)

A waiver will not be presumed from a silent record. *Carnley v Cochran,* 369 US 506, 516; 82 S Ct 884, 890; 8 L Ed 2d 70, 77 (1962).

The record in the present case fails to disclose that defendant was specifically told that this procedure violated his confrontation rights and that he could demand the witness's presence as a prerequisite to her giving testimony. Furthermore, the trial judge failed to inform defendant that not only would this witness not testify against him (if not physically produced), but the judge would consider CJI 5:2:14 (the missing witness instruction) while deliberating on the verdict.

In *People v Miller,* 121 Mich App 691; 329 NW2d 460 (1982), this Court held that a defendant could waive his right to a unanimous jury verdict. However, the defendant in that case had not made an adequate waiver because he had never been told on the record that the alternative to accepting a

non-unanimous verdict was to have a mistrial declared.

The prosecutor argues that defense counsel adequately made such a waiver:

"The right of confrontation is not of such moment that it requires waiver by the defendant personally when he is represented by counsel. Such waiver as we have in this case is a trial tactic within the province of counsel." *People v Johnson,* 70 Mich App 349, 350; 247 NW2d 310 (1976).

However, *Johnson* should not be read too broadly. It specifically dealt with a defense counsel's decision to waive the defendant's right to demand that all res gestae witnesses be produced. See *People v Johnston,* 76 Mich App 332; 256 NW2d 782 (1977). The res gestae rule in Michigan strengthens the confrontation clause's guarantees. However, it is not as integral a part as cross-examination, the oath, and demeanor. As such, a defense counsel can waive this particular right for a defendant. On the other hand, the more integral rights of the confrontation clause must be personally waived by the defendant. In *Brookhart, supra,* the Supreme Court reversed the defendant's conviction because the record did not clearly show that the defendant himself (rather than defense counsel) waived his confrontation right to cross-examine the witnesses against him.

However, we believe that this violation was harmless.[1] Although the constitution clearly prefers in-court confrontation, *Ohio v Roberts,* 448 US 56, 65; 100 S Ct 2531, 2537; 65 L Ed 2d 597, 607 (1980); *Palmieri v State,* 411 So 2d 985 (Fla App,

[1] The test is whether or not the error was harmless beyond a reasonable doubt. *Harrington v California,* 395 US 250; 89 S Ct 1726; 23 L Ed 2d 284 (1969); *State v Olson,* 291 NW2d 203 (Minn, 1980).

1982), demeanor is only a secondary advantage of the confrontation clause. *People v Tennant,* 65 Ill 2d 401; 3 Ill Dec 431; 358 NE2d 1116 (1976), *cert den* 431 US 918; 97 S Ct 2184; 53 L Ed 2d 229 (1977); *State v Kaufman,* 304 So 2d 300 (La, 1974); 5 Wigmore, Evidence (3d ed, 1940), §§ 1395, 1397. In the present case, the error was harmless beyond a reasonable doubt. Not only did the complainant's testimony go unrebutted, but defendant confessed. Furthermore, this was a bench trial and not a jury trial. See *People v Lundberg,* 364 Mich 596; 111 NW2d 809 (1961).[2]

Defendant last argues that he should be resentenced because the trial judge improperly sentenced him as a third-felony offender. In fact, the supplemental information charging defendant as a third-felony offender was dismissed 11 days after sentencing.

The only evidence that the trial judge might have improperly sentenced him as a third-felony offender is the judgment of sentence to prison which lists his crime as "Habitual Offender—Third or Subsequent Felony Conviction". A trial judge may not sentence a defendant under an incorrect statute. *People v Wilkins,* 121 Mich App 813; 329 NW2d 500 (1982). However, both the indeterminate sentence record and the certified copy of record of sentence lists the offense as third-degree criminal sexual conduct. In fact, defendant's maximum sentence was no more than the maximum allowed for third-degree criminal sexual conduct. Yet, based on the record in front of us, we cannot tell for sure

[2] Actually, the matter is a little aggravated because the witness's entire testimony was inadmissible. She testified about what her son had told her. However, Michigan no longer recognized the tender years exception. *People v Kreiner,* 415 Mich 372; 329 NW2d 716 (1982). Furthermore, the statements could not be considered excited utterances. *People v Gee,* 406 Mich 279; 278 NW2d 304 (1979); MRE 803(2). However, defendant failed to object to this testimony.

whether or not the trial judge impermissibly sentenced defendant as a third-felony offender. As such, without this factual record, the issue is not properly before this Court. Therefore, we are affirming his sentence without prejudice.

Affirmed.