PEOPLE v ROBINSON

Docket No. 81184. Submitted May 22, 1985, at Detroit.—Decided September 4, 1985.

James E. Robinson was found guilty of felonious assault following a bench trial in the Recorder's Court of Detroit and was sentenced, James E. Roberts, J. Defendant appealed. *Held:*

1. The trial court's findings of fact were adequate to support defendant's conviction for felonious assault.

2. Defendant's argument that witnesses were improperly waived is rejected. The witnesses were properly waived.

Affirmed.

1. ASSAULT AND BATTERY — SIMPLE ASSAULT.

A simple assault can be shown from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery; no actual battery need be shown.

2. ASSAULT AND BATTERY — FELONIOUS ASSAULT — INTENT — DANGEROUS WEAPON.

The crime of felonious assault is a specific intent crime; it requires that a defendant either intend to injure the victim or intend to put him in reasonable fear or apprehension of an immediate battery and requires the use of a dangerous weapon in carrying out the assault (MCL 750.82; MSA 28.277).

3. CRIMINAL LAW — BENCH TRIALS — FINDINGS OF FACT.

The rule that a trial court sitting without a jury must make

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] Am Jur 2d, Assault and Battery §§ 37-42, 92-106.
See the annotations in the ALR3d/4th Quick Index under Assault and Battery.
[2] Am Jur 2d, Assault and Battery §§ 13-21.
[3, 5] Am Jur 2d, Trial §§ 1238 *et seq.*
Right of accused, in state criminal trial, to insist, over prosecutor's or court's objection, on trial by court without jury. 37 ALR4th 304.
[4] Am Jur 2d, Appeal and Error §§ 839 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Appeal and Error.

specific findings of fact and conclusions of law applies equally to criminal and civil cases (GCR 1963, 517.1; MCR 2.517[A][1],[2]).

4. APPEAL — REMAND — FINDINGS OF FACT.

A judge's failure to make findings of fact does not require remand where it is manifest that he was aware of the factual issue, that he resolved it, and that it would not facilitate appellate review to require further explication of the path he followed in reaching the result.

5. CRIMINAL LAW — BENCH TRIALS — FINDINGS OF FACT.

A trial court in a criminal case in which the defendant is convicted in a bench trial should state that it has found each element of that crime of which the defendant was convicted in order to enable an appellate court to know the law that the trial court applied; a trial court's findings are insufficient if they create doubt as to whether the trial court correctly applied the law to the facts.

6. ASSAULT AND BATTERY — EVIDENCE.

No actual battery need be shown to support an assault conviction.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Olga Agnello-Raspa,* Assistant Prosecuting Attorney, for the people.

*Mark R. Hall,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and D. E. HOLBROOK, JR., and C. W. SIMON, JR.,* JJ.

PER CURIAM. Defendant, James E. Robinson, was charged with assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279. At the conclusion of a bench trial held on November 10, 1983, defendant was found guilty of the lesser offense of felonious assault. MCL 750.82; MSA 28.277. On November 30, 1983, defendant was sentenced to three years of probation. Defendant subsequently brought a motion for a new

* Circuit judge, sitting on the Court of Appeals by assignment.

trial on the same grounds now raised on appeal. After a hearing held on August 17, 1983, the trial court denied the motion. Defendant appeals as of right.

The defendant's first claim is that the trial court's findings of fact were inadequate to support defendant's conviction for felonious assault.

The Supreme Court has held that a simple assault can be shown "from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery". *People v Sanford,* 402 Mich 460, 479; 265 NW2d 1 (1978). No actual battery need be shown. In *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), a majority of the Supreme Court held that felonious assault is a specific intent crime. Thus, felonious assault requires the additional showing that the defendant intended to injure or intended "to put the victim in reasonable fear or apprehension of an immediate battery". *Id.,* 210. The statute also requires the use of a dangerous weapon in carrying out the assault. MCL 750.82; MSA 28.277. See also, CJI 17:4:01.

The trial court specifically resolved the credibility issue in favor of the complainant and accordingly found that the defendant, rather than his wife, the complainant, had possession of the knife. While the court did not specifically find that defendant's apparent victim, (his wife's child) Kishra, was in fact placed in reasonable apprehension of receiving an immediate battery, it did find that the complainant "felt that her child was being threatened". As to the intent element, the trial court specifically found that defendant did not intend to strike the child with the knife (intent to injure), but the court did not expressly resolve whether defendant intended to put the child or

mother in reasonable fear of an immediate battery. Defendant argues that the trial court's findings of fact do not support a conviction for felonious assault because the trial court did not find the requisite intent or an actual assault.

GCR 1963, 517.1, now MCR 2.517(A)(1) and (2), provides that a court in a bench trial must make findings of fact and conclusions of law on contested matters:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. It will be sufficient if the court makes brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts."

The rule applies equally to criminal and civil cases. *People v Jackson*, 390 Mich 621, 627; 212 NW2d 918 (1973). However, failure of a judge to make findings of fact "does not require remand where it is manifest that he was aware of the factual issue, that he resolved it and it would not facilitate appellate review to require further explication of the path he followed in reaching the result". *Id.*, fn 3.

In *People v Davis*, 126 Mich App 66; 337 NW2d 315 (1983), this Court stated that a trial court must make specific findings of fact on each element of a crime. However, another panel of this Court held that *Davis* misinterpreted *Jackson*. *People v Taylor*, 133 Mich App 762, 766; 350 NW2d 318 (1984), *lv gtd* 419 Mich 879 (1984). The *Taylor* panel interpreted *Jackson* to mean only that "a trial court's findings [are] insufficient if they created doubt as to whether the trial court correctly applied the law to the facts".

As mentioned above, the trial court made no explicit finding that the defendant had intended to place the complainant or her daughter in reasonable fear of an immediate battery. The court found only that the defendant had not intended to strike the child.

It must be borne in mind that the contested issue at trial was who drew the knife, the complainant or defendant. The trial court resolved the issue of credibility in favor of the complainant and her daughter. The court indicated that it believed their version of the events. According to these witnesses, the defendant raised his hand up as if to strike the child. It would be almost absurd for a fact finder to find that the defendant had raised his knife hand as if to strike the child, without also implicitly finding that defendant at least intended to place the child in reasonable fear of a battery.

We believe that a remand is unnecessary under *Taylor, supra,* and that the court's findings of fact do support defendant's conviction for felonious assault.

We also note that it is well settled that no actual battery need be shown to support an assault conviction. *Sanford, supra.* Further, under the doctrine of transferred intent, the law would transfer defendant's intent to place the child in fear of a battery to the complainant. See *People v Lovett,* 90 Mich App 169; 283 NW2d 357 (1979), *lv den* 407 Mich 884 (1979).

Defendant's final argument was expressly rejected in *People v Poindexter,* 138 Mich App 322, 332-333; 361 NW2d 346 (1984). See also, *People v Johnson,* 70 Mich App 349; 247 NW2d 310 (1976), *lv den* 399 Mich 818 (1977). The witnesses were properly waived.

Affirmed.