PEOPLE v LEVIGNE

PEOPLE v McNEIGHT

Docket Nos. 306776 and 306777. Submitted June 13, 2012, at Lansing. Decided July 3, 2012, at 9:25 a.m. Leave to appeal denied, 493 Mich 882.

Blaine R. Levigne, Jr., and William G. McNeight were convicted of unlawfully taking a bear in violation of MCL 324.40118(3) following a bench trial before the 90th District Court, Richard W. May, J. Defendants had used trained hunting dogs to assist Todd Yoder, a Native American hunter, in harvesting a bear out of hunting season. Defendants appealed their convictions in the Emmet Circuit Court. The circuit court, Charles W. Johnson, J., affirmed defendants' convictions. The Court of Appeals granted defendants' applications for leave to appeal and consolidated their cases.

The Court of Appeals *held*:

A person is guilty of a misdemeanor if he or she violates an order issued under part 401 of the Natural Resources and Environmental Protection Act (NREPA), MCL 324.40101 *et seq.*, regarding the taking of certain animals including bear. In this case, defendants were alleged to have violated former Wildlife Conservation Order (WCO) 3.203(4) issued by the Department of Natural Resources, which set forth the open season for taking a bear with firearms, crossbows, or bow and arrow in the Red Oak Bear Management Unit. Part 401 of NREPA defines "take" as to hunt with any weapon, dog, raptor or other wild or domestic animal trained for that purpose; kill; chase; follow; harass; harm; pursue; shoot; rob; trap; capture; or collect animals or attempt to engage in that activity. It was reasonable to conclude that defendants committed a taking under the statutory definition by pursuing, chasing, following, and harassing the bear with hunting dogs, but former WCO 3.203(4) did not prohibit the mere taking of a bear. Rather, it concerned the taking of a bear with firearms, crossbows, or bow and arrow. MCL 324.40118(3) and former WCO 3.203(4) did not prohibit an unarmed individual from assisting someone with the lawful taking of a bear, nor did they prohibit someone from taking a bear without a firearm, crossbow, or bow and arrow.

Because neither defendant used a firearm, crossbow, or bow and arrow to take the bear, there was insufficient evidence presented to support their convictions.

Reversed.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *James R. Linderman*, Prosecuting Attorney, and *E. Michael McNamara*, Assistant Prosecuting Attorney, for the people.

*James A. Bias* for defendants.

Before: BECKERING, P.J., and FITZGERALD and STEPHENS, JJ.

PER CURIAM. William McNeight and Blaine Levigne, Jr.,[1] appeal by leave granted the circuit court's order affirming their convictions before the district court for unlawfully taking a bear in violation of MCL 324.40118(3). Defendants were charged with a misdemeanor violation of the Natural Resources and Environmental Protection Act (NREPA), MCL 324.101 *et seq.*, for using trained hunting dogs to assist Todd Yoder, a Native American hunter, in capturing and killing a bear out of hunting season. We reverse.

The prosecution argued that defendants unlawfully took a bear outside of the season in which it is lawful to hunt bear with the use of a firearm, which was defined by the Department of Natural Resources (DNR) in former Wildlife Conservation Order (WCO) 3.203(4) as having run between September 17 and September 25,

---

[1] The spelling of "Levigne" is inconsistent in the record. Most of the court documents spell his name as "Lavigne," while the documents submitted by defendants' attorney (including those filed in this appeal) identify the defendant as "Levigne."

2010.[2] The prosecution asserted that MCL 324.40118(3) precludes the unlawful "taking" of a bear, which is defined in the statute to include both hunting and attempting to hunt. The prosecution also claimed that Yoder's permit to hunt out of season did not extend to defendants and did not permit them to assist him. Because defendants knowingly assisted Yoder in capturing and killing a bear on October 23, 2010, the prosecution argued that defendants could not claim that they were only "training" their animals out of season.

Defendants argued that they did not break the law because their no-kill tags permitted them to participate in a bear hunt out of season as long as they did not kill the bear. Defendants asserted that the tags were designed to limit the number of bears harvested, not the number of participants permitted in a bear hunt. Because Yoder was authorized by his permit to hunt bear until October 26, 2010, and defendants did not actually kill the bear, defendants reasoned that they did not violate the law. Defendants conceded that they were participating in the hunt, rather than training their dogs to hunt bear, because they intended to assist Yoder in harvesting the bear. While defendants claimed that the law did not prohibit them from acting as licensed hunting guides, they also conceded that Yoder would not have been able to harvest the bear without their assistance.

The district court found defendants guilty of violating MCL 324.40118(3). The court noted that the essential question before it was whether defendants were lawfully permitted to participate in a bear hunt out of season given that the hunter had a valid permit to hunt

---

[2] The relevant order, WCO 3.203, has been amended several times. At the time that defendants participated in the hunt at issue here, WCO 3.203 as amended by 2010 Amendment 17 was controlling.

out of season. The court concluded that defendants' own no-kill permits restricted their right to participate in bear hunting outside of the hunting season specified for authorized Michigan residents.

During the appeal before the circuit court on September 9, 2011, the parties reasserted the arguments they had made before the district court. Defendants additionally argued that they did not "take" the bear because longstanding precedent requires that a hunter possess or capture an animal before it can be "taken." Because they did not chase the bear while using a gun or bow, defendants argued, they could not have committed a "taking" under the statute. Plaintiff responded that "taking" is defined by statute to include defendants' chasing and capturing of the bear. The circuit court affirmed the district court convictions, reasoning that defendants were participating in a bear hunt out of season, which constituted hunting under the statute. The court specifically held as follows:

> Whether they were carrying a gun, or discharged the gun themselves, they were participating in hunting and therefore using hunting in its commonly understood term, they were hunting as participants in the hunt. And the clear language of the statute says that these Defendants are not permitted to do that outside of the bear hunting season.

Defendants now appeal the circuit court's order affirming their convictions.

On appeal, defendants assert that the district court was precluded from finding that they acted in violation of MCL 324.40118(3). We agree. Defendants' sole issue on appeal is essentially an argument that the evidence presented at trial did not demonstrate that they committed an action proscribed by law. In reviewing a challenge to the sufficiency of the evidence, we view the

evidence in the light most favorable to the prosecution in order to determine whether a rational trier of fact could have found that the prosecution proved the elements of the crime beyond a reasonable doubt. *People v Petrella*, 424 Mich 221, 268-269; 380 NW2d 11 (1985). Essential to defendants' argument on appeal is the claim that the district court erred in interpreting MCL 324.40118(3). On appeal, questions of statutory interpretation are reviewed de novo. *People v Buehler*, 477 Mich 18, 23; 727 NW2d 127 (2007).

Defendants were convicted of violating MCL 324.40118(3), which provides as follows:

> A person who violates a provision of this part or an order or interim order issued under this part regarding the possession or taking of deer, bear, or wild turkey is guilty of a misdemeanor and shall be punished by imprisonment for not less than 5 days or more than 90 days, and a fine of not less than $200.00 or more than $1,000.00, and the costs of prosecution.

Under this statutory language, a person is guilty of a misdemeanor if that person violates a provision or order issued under part 401 of NREPA, MCL 324.40101 *et seq.*, related to the taking of certain animals. In the present case, defendants are alleged to have violated former WCO 3.203(4), which provided:

> The open season for taking a bear with firearms, crossbows, or bow and arrow in the red oak bear management unit in zone 2 shall be from the first Friday following September 15 and 8 days thereafter. The open season for taking a bear with bow and arrow only in the red oak bear management unit shall be from the first Friday following October 1 through 6 days thereafter.

In charging defendants with a violation of MCL 324.40118(3), the prosecution theorized that defendants' conduct constituted the taking of a bear. That

theory is largely based on the statutory definition of the term "take." "Take" is statutorily defined as "to hunt with any weapon, dog, raptor, or other wild or domestic animal trained for that purpose; kill; chase; follow; harass; harm; pursue; shoot; rob; trap; capture; or collect animals, or to attempt to engage in such an activity." MCL 324.40104(1). As a result of their interpretations of this statutory provision, both the prosecution and the lower courts have determined that defendants, by working in concert with Yoder, took the bear when they used dogs to tree the bear before Yoder shot it.

It is certainly reasonable to conclude that defendants, by pursuing, chasing, following, and harassing a bear with hunting dogs did commit a taking under the statutory definition of that term. However, former WCO 3.203(4) did not merely prohibit the taking of a bear. Rather, the order at issue placed qualifying language after the term "taking a bear" in the form of the phrase "with firearms, crossbows, or bow and arrow . . . ." Former WCO 3.203(4). The parties agree that neither of these defendants used a firearm, crossbow, or bow and arrow while assisting Yoder. As the prosecution admits, these defendants were not convicted on a theory of aiding and abetting the unlawful taking of a bear. Indeed, the circuit court emphasized that whether these defendants used a gun was irrelevant to its determination. However, when interpreting a statute, the court's goal is to give effect to the intent of the Legislature. *People v Hill*, 486 Mich 658, 667-668; 786 NW2d 601 (2010). Unless ambiguous, statutory language should be given its ordinary meaning because the Legislature is presumed to have intended the meaning expressed in the statute. *Id.* MCL 324.40118(3) and former WCO 3.203(4) did not prohibit an unarmed individual from assisting someone with the lawful taking of a bear, nor

did they prohibit someone from taking a bear *without* a firearm, crossbow, or bow and arrow. Had the Legislature or the DNR intended to prohibit that behavior, the language used in the order and statute would have expressed that intent. Because the parties stipulated that neither defendant used a firearm, crossbow, or bow and arrow to take the bear, there was insufficient evidence presented to support a conviction under MCL 324.40118(3) and former WCO 3.203(4).

Reversed.

BECKERING, P.J., and FITZGERALD and STEPHENS, JJ., concurred.