# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
November 15, 2016

v

TIMOTHY RAY BROWN,

Defendant-Appellant.

No. 329034
Wayne Circuit Court
LC No. 14-005108-03-FC

Before: STEPHENS, P.J., and SAAD and METER, JJ.

PER CURIAM.

A jury convicted defendant of second-degree murder, MCL 750.317, and armed robbery, MCL 750.529. He was sentenced to 20 to 25 years' imprisonment for the second-degree murder conviction and 12 to 15 years' imprisonment for the armed robbery conviction. Defendant appeals, and for the reasons provided below, we affirm.

In the early morning hours of April 30, 2014, Anthony Johnson was selling marijuana out of a drug house on Keating Street in Detroit. Johnson was the only inhabitant of the house who was awake at that time. Deon Alexander, the owner of the house, slept on a couch with his jacket draped over his head, and Marquise Moncrief slept on another couch in the den of the home. Sometime after 2:00 a.m., London Harris arrived at the house with Dawyne Andrews and defendant.[1] Johnson recognized Harris as a regular customer. Johnson ushered the three men inside, and Harris made a request to purchase marijuana.

In response, Johnson reached down and began to weigh out the requested amount of marijuana. While he was looking at his scale, he heard a gunshot and saw Andrews going through Moncrief's pockets. The gunshot woke Alexander, and he jumped up from the couch. Defendant then pointed a gun toward both Alexander and Johnson, while Harris commanded them not to move. Alexander lay back down on the couch and placed the jacket back over his head, while Johnson remained completely still. Eventually, Harris and defendant fled the house,

---

[1] London Harris and Dawyne Andrews were convicted in a separate trial. This Court affirmed their convictions on all issues raised in a consolidated appeal. *People v Harris*, unpublished opinion per curiam of the Court of Appeals, issued April, 14, 2016 (Docket No. 324987).

with Andrews catching up with them both shortly thereafter. All three were seen running together in the same direction.

Johnson and Alexander both checked on Moncrief after Harris, Andrews, and defendant fled and discovered that Moncrief had been fatally shot in the head. Katrenia Williams, Moncrief's mother, testified at trial that Moncrief had been carrying a large amount of cash on April 30, 2014. When police officers conducted their investigation, they discovered that Moncrief had no cash or valuables upon his person. In addition, according to both Alexander and Johnson, the house's supply of marijuana and cash from that day's sales were missing from the house following the robbery.

On May 13, 2014, defendant turned himself in to police. Detroit Police Sergeant Todd Eby conducted an interview with defendant, which was recorded in its entirety. At trial, the recording of the interview was played for the jury during Sergeant Eby's testimony. Defendant admitted his participation in the robbery. He stated that he knocked on the door so that they could get inside to rob the place and that Andrews shot Moncrief while he and Harris were standing in the living room.

Defendant argues that the prosecution failed to present sufficient evidence to convict him of second-degree murder. We disagree.

This Court reviews claims of insufficient evidence de novo. *People v Harrison*, 283 Mich App 374, 377; 768 NW2d 98 (2009). "In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution in order to determine whether a rational trier of fact could have found that the prosecution proved the elements of the crime beyond a reasonable doubt." *People v Levigne*, 297 Mich App 278, 281-282; 823 NW2d 429 (2012). It is the role of the trier of fact to determine the weight of the evidence and evaluate the credibility of witnesses. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008), citing *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992).

Second-degree murder has four elements: "(1) a death, (2) the death was caused by an act of the defendant, (3) the defendant acted with malice, and (4) the defendant did not have lawful justification or excuse for causing the death." *People v Smith*, 478 Mich 64, 70; 731 NW2d 411 (2007). However, the jury convicted defendant of second-degree murder on a theory of aiding and abetting. Aiding and abetting is not a separate offense but instead is "a theory of prosecution that permits the imposition of vicarious liability for accomplices." *People v Robinson*, 475 Mich 1, 6; 715 NW2d 44 (2006) (quotation marks and citation omitted).

> To support a finding that a defendant aided and abetted a crime, the prosecution must show that (1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement. [*People v Jackson*, 292 Mich App 583, 589; 808 NW2d 541 (2011) (quotation marks and citations omitted).]

"A defendant is liable for the crime the defendant intends to aid or abet *as well as the natural and probable consequences of that crime*." *Robinson*, 475 Mich at 14-15 (emphasis added).

On appeal, defendant's sole challenge is that the prosecution failed to present sufficient evidence to support his second-degree murder conviction because the evidence presented purportedly only supports an inference that defendant intended to commit a robbery. As defendant concedes, there is ample evidence to allow the jury to reasonably conclude beyond a reasonable doubt that defendant intended to assist in the crime of armed robbery. Indeed, defendant was an active participant in the robbery when he brandished a gun and pointed it toward both Alexander and Johnson. He claims that he had "[no] idea that Harris was going to do anything other than rob the house of marijuana and money." But defendant fails to appreciate that under an aider and abettor theory, one is responsible, not only for the crime he intends to aid or abet, but also for "the natural and probable consequences of that crime." *Id.* It is clear that a natural and probable consequence of a plan to commit armed robbery is that one of the actors may escalate the robbery into a murder. Therefore, there was sufficient evidence to support defendant's conviction of murder.

Affirmed.

/s/ Cynthia D. Stephens
/s/ Henry William Saad
/s/ Patrick M. Meter