# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

ROBERT ANTHONY JASPER,

    Defendant-Appellant.

UNPUBLISHED
June 22, 2017

No.  330836
Macomb  Circuit Court
LC No.  2014-003200-FC

Before:  STEPHENS, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Defendant was convicted in a jury trial of discharging a firearm from a motor vehicle, MCL 750.234a, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.  The jury acquitted defendant of one charge of assault with intent to commit murder, MCL 750.83, and one charge of assault with a dangerous weapon (felonious assault), MCL 750.82.  The trial court sentenced defendant to $68, the state minimum costs for the discharging of a firearm from a motor vehicle conviction, and two years' imprisonment for the felony-firearm conviction.  We affirm.

The parties agree as to the essential facts of this case.  It is undisputed that while on his motorcycle the defendant fired a single shot at a Honda Civic driven by Brett Reece on the evening of May 23, 2014. However, defendant contends that there was insufficient evidence for the jury to convict him of felony-firearm when it acquitted him of the predicate offense of felonious assault that the jury was confused or engaged in an impermissible compromise when it rendered its verdicts, and that the trial court's instructions to the jury were erroneous.  We disagree.

Generally, an issue is preserved for appellate review when it is raised before and addressed and decided by a trial court.  *People v Metamora Water Service, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007), citing *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443; 695 NW2d 84 (2005).  Defendant did not raise the issue of the jury's inconsistent verdicts below.  Therefore, the issue of the jury's inconsistent verdicts is unpreserved.

Under MCR 2.512(C), "A party may assign as error the giving of or the failure to give an instruction only if the party objects on the record before the jury retires to consider the verdict (or, in the case of instructions given after deliberations have begun, before the jury resumes deliberations), stating specifically the matter to which the party objects and the grounds for the

-1-

objection. Opportunity must be given to make the objection out of the hearing of the jury." Defendant did not object to the jury instructions, and defendant did not object to the trial court's response to the jury's question during trial. Therefore, defendant's claim of instructional error is unpreserved.

A challenge to the sufficiency of the evidence is reviewed de novo. *People v Harrison*, 283 Mich App 374, 377-378; 768 NW2d 98 (2009), citing *People v Cline*, 276 Mich App 634, 642; 741 NW2d 563 (2007). The evidence must be viewed "in the light most favorable to the prosecution in order to determine whether a rational trier of fact could have found that the prosecution proved the elements of the crime beyond a reasonable doubt." *People v Levigne*, 297 Mich App 278, 281-282; 823 NW2d 429 (2012), citing *People v Petrella*, 424 Mich 221, 268-269; 380 NW2d 11 (1985). It is the role of the trier of fact to determine the weight of the evidence and evaluate the credibility of witnesses. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008), citing *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992).

"This Court reviews de novo questions regarding inconsistent verdicts, which are constitutional issues." *People v Russell*, 297 Mich App 707, 722; 825 NW2d 623 (2012). "Claims of instructional error are generally reviewed de novo by this Court, but the trial court's determination that a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion." *People v Henderson*, 306 Mich App 1, 3; 854 NW2d 234 (2014), citing *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007).

However, this Court reviews unpreserved issues for plain error. *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015), citing *People v Dunbar*, 264 Mich App 240, 251; 690 NW2d 476 (2004), overruled on other grounds by *People v Jackson*, 483 Mich 271, 290 (2009). To avoid forfeiture under the plain error rule, the defendant must demonstrate that an error occurred, the error was plain, and the plain error affected substantial rights. *People v Buie*, 285 Mich App 401, 407; 775 NW2d 817 (2009), citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third prong requires a showing of prejudice, which occurs when the error affected the outcome of the lower court proceedings." *People v Putman*, 309 Mich App 240, 243; 870 NW2d 593 (2015), citing *Carines*, 460 Mich at 763.

Felonious assault has three elements: "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999), citing *People v Davis*, 216 Mich App 47, 53; 549 NW2d 1 (1996). Felonious assault is a specific intent crime. *People v Robinson*, 145 Mich App 562, 564; 378 NW2d 551 (1985), citing *People v Johnson*, 407 Mich 196, 210; 284 NW2d 718 (1979). The intent element of felonious assault requires either intent to injure a victim, or intent to place a victim in reasonable apprehension of an immediate battery. *Avant*, 235 Mich App at 505. "A battery is 'an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person.' " *People v Henry (After Remand)*, 305 Mich App 127, 143; 854 NW2d 114, 127 (2014) (citation omitted). The trier of fact may infer intent from all the facts and circumstances. *People v Kissner*, 292 Mich App 526, 534; 808 NW2d 522 (2011), citing *People v Wolford*, 189 Mich App 478, 480; 473 NW2d 767 (1991). "Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime."

*People v Williams*, 268 Mich App 416, 419; 707 NW2d 624 (2005), citing *Carines*, 460 Mich at 757. Minimal circumstantial evidence is sufficient to prove a defendant's state of mind. *Kanaan*, 278 Mich App at 594.

"The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *Avant*, 235 Mich App at 505, citing *Davis*, 216 Mich App at 53. The Michigan Supreme Court has held that "[w]hile the felony-firearm statute makes commission or the attempt to commit a felony an element of the offense of felony-firearm, it does not make conviction of a felony or of an attempt to commit a felony an element of the offense." *People v Lewis*, 415 Mich 443, 454-455; 330 NW2d 16 (1982).

A rational trier of fact could have reasonably concluded that defendant intended to injure Reece, or that he intended to place him in reasonable apprehension of an immediate battery, and that defendant possessed a firearm while doing so. Defendant's charge of felonious assault was the predicate offense for defendant's charge of felony-firearm. At the outset of defendant's trial, the parties stipulated that defendant was "the person who discharged a firearm in this incident," and therefore, there was no dispute that defendant discharged his pistol at Reece's Honda Civic while defendant was driving his motorcycle on I-696. In order to find that defendant committed a felonious assault, the jury only needed to conclude that defendant intended to injure Reece, or to place Reece in reasonable apprehension of an immediate battery. This fact could have been inferred from the fact that defendant shot his pistol at Reece's Honda Civic while they were both driving on I-696. While defendant testified that he only intended to "mess up" Reece's Honda Civic and that he did not intend to kill or harm Reece, the jury could have concluded that defendant's testimony was incredible. Thus, the jury could have found that defendant committed or attempted to commit a felonious assault against Reece, and therefore, that defendant should be convicted of felony-firearm because he possessed a firearm when he committed the felonious assault. Therefore, defendant's contention that the jury "could not possibly have inferred" that defendant committed felonious assault is unavailing, because sufficient evidence existed for the jury to conclude that defendant intended to attempt or commit a felonious assault while possessing a firearm.

However, the jury ultimately acquitted defendant of felonious assault and convicted defendant of felony-firearm. Defendant contends that the jury reached an inconsistent verdict because the jury was confused because it misunderstood its instructions or that the jury engaged in an impermissible compromise and that, as a result, defendant was denied a fair trial due to the cumulative effect of these errors. Defendant's contention is without merit.

"[A] jury may reach inconsistent verdicts as a result of mistake, compromise, or leniency." *People v Goss*, 446 Mich 587, 597-598; 521 NW2d 312 (1994). Generally, "[j]uries are not held to any rules of logic nor are they required to explain their decisions." *Putman*, 309 Mich App at 251, citing *People v Wilson*, 496 Mich 91, 101; 852 NW2d 134 (2014), abrogated on other grounds by *Bravo-Fernandez v United States*, ___ US ___, ___; 137 S Ct 352, 363; 196 L Ed 2d 242 (2016) (quotation marks omitted). "A jury in a criminal case may reach different conclusions concerning an identical element of two different offenses." *Goss*, 446 Mich at 597 (citation omitted).

Thus, defendant's contention that the jury engaged in an "impermissible compromise" is without merit, because even assuming that the jury's verdict was inconsistent, and that the inconsistent verdict was the result of compromise, such a verdict is generally permissible when rendered by a jury. *Goss*, 446 Mich at 597-598. Further, the only evidence in the record that the jury was confused was the fact that the jury submitted a question to the trial court during its deliberations regarding the jury instruction for felonious assault. That note read: "dash, reasonably fear an immediate battery, parentheses. We have question [sic] of the spirit or intent of this charge, end of parentheses. And another dash, something closely connected with person, parentheses, the car, question mark, end of parentheses, and a line across the paper. And it says last, dash, parentheses, a reasonable person to fear, end of parentheses. And it says, battery definition, question mark. And it was signed by the foreperson." However, the prosecutor and defendant's trial counsel agreed to provide the jury with the following response, "[p]lease rely on the jury instructions pertaining to the charged offenses." The jury ultimately returned a verdict after further deliberations.

Thus, it is unclear why defendant contends that the jury was confused when it reached its verdict, or why he suggests that "the jury appeared to believe it was proper to find [defendant] guilty of felony[-]firearm simply because [defendant] conceded to having discharged his firearm while riding on his motorcycle, believing that if any gun offense occurred then a felony[-]firearm necessarily also must have occurred[.]" While the jury may have questioned "the spirit or intent" of the felonious assault charge, there is no indication from that question that the jury concluded that it could convict defendant of felony-firearm with regard to the separate charged offense of discharging a firearm from a motor vehicle. Nor is there any evidence that the jury's confusion was left uncured by the trial court's response to the jury's question that the jury should rely on its instructions. "It is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998), citing *People v Hana*, 447 Mich 325, 351; 524 NW2d 682 (1994), amended in part on other grounds on rehearing 447 Mich 1203 (1994).

Defendant also contends that the trial court's jury instructions on felony-firearm were erroneous. However, defendant has waived review of this issue. Waiver is defined as "the intentional relinquishment or abandonment of a known right." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (citation and quotation marks omitted). "When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute a waiver." *Id.*, citing *People v Carter*, 462 Mich 206, 219; 612 NW2d 144 (2000). An affirmative statement by counsel that there are no objections to the proposed jury instructions constitutes express approval of the jury instructions. *Kowalski*, 489 Mich at 505. During trial, after the trial court asked defendant's trial counsel if he had looked at the jury instructions, defendant's trial counsel replied, "[y]es, Judge. There are no objections." Defendant's trial counsel also agreed to the response the trial court provided to the jury's question regarding its instructions on felonious assault during deliberations. Therefore, defendant has waived review of any claim of instructional error.

Even if defendant had not waived this issue, his contention is without merit. Defendant notes that in *Lewis* the Michigan Supreme Court stated that a "judge may and should instruct the jury that a person cannot be convicted of felony-firearm unless the jury finds that 'he commit[ed] or attempt[ed] to commit a felony.' " Lewis, 415 Mich at 455, quoting MCL 750.227b (alteration in original). The trial court expressly instructed the jury that it could only convict defendant of

-4-

felony-firearm if it found that defendant had "committed the crime of assault with a dangerous weapon[.]" Therefore, the trial court's instruction to the jury regarding felony-firearm fully complied with the Michigan Supreme Court's statement in *Lewis*.

Finally, defendant claims that he was denied a fair trial due to the cumulative effect of the errors in the trial court. However, defendant's claim of cumulative error fails because defendant has failed to identify any error in the trial court. See *People v Gaines*, 306 Mich App 289, 310; 856 NW2d 222 (2014), quoting *People v Bahoda*, 448 Mich 261, 292 n 64; 531 NW2d 659 (1995) ("[o]nly 'actual errors' are aggregated when reviewing a cumulative error argument.").

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray