PEOPLE v KISSNER

Docket No. 296766. Submitted May 3, 2011, at Lansing. Decided May 12,
     2011, at 9:05 a.m. Leave to appeal denied, 490 Mich 893.

    Donald L. Kissner was convicted by a jury in the Shiawassee Circuit
     Court, Janet M. Boes, J., of tampering with evidence, MCL
     750.483a(6)(a), and attempted obstruction of justice, MCL 750.92;
     MCL 750.505. The charges arose from defendant's filing of a motion
     for relief from judgment and an affidavit in support of the motion
     after defendant was convicted by a jury in the Shiawassee Circuit
     Court of burning real property. The notarized motion and affidavit
     contained false statements by defendant that were designed to
     support his claim that the judge who conducted the trial on the
     charge of burning real property, Gerald Lostracco, J., had erred in
     failing to disqualify himself sua sponte on the basis of alleged
     personal bias against defendant. The statements included false
     claims that defendant was an ex-boyfriend of the judge's daughter
     and had possibly fathered a child by the daughter and that defendant
     had been to the judge's home on several occasions, including one
     during which the judge had chased defendant out of the home with a
     baseball bat. Defendant appealed, alleging that the evidence was
     insufficient to support the convictions for tampering with evidence
     and attempted obstruction of justice and that Judge Lostracco's
     failure to appoint counsel for defendant after he filed the motion for
     relief from judgment and the affidavit and requested appointed
     counsel constituted a violation of MCR 6.505(A) and deprived defen-
     dant of his right to due process of law.

    The Court of Appeals *held*:

    1. The prosecution presented sufficient evidence to support the
     conviction for tampering with evidence. Defendant was convicted
     under MCL 750.483a(6)(a), which lists possible punishments for a
     violation of MCL 750.483a(5)(b), which provides that a person shall
     not offer evidence at an official proceeding that he or she recklessly
     disregards as false. Defendant did not dispute that he offered evi-
     dence that was false and that he recklessly disregarded its falsity.
     Filing the motion and affidavit with the court constituted an "official
     proceeding" as defined in MCL 750.483a(11)(a).

2. The prosecution presented sufficient evidence to support the conviction for attempted obstruction of justice. By filing the motion and affidavit requesting that the trial court grant him a new trial on the basis of the false information found in the documents, defendant performed an act leading to interference with the orderly administration of justice. Obstruction of justice is committed when an effort is made to thwart or impede the administration of justice.

3. To the extent that defendant's argument that Judge Lostracco's failure to appoint counsel for defendant after he filed his motion for relief from judgment and the affidavit constituted a violation of MCR 6.505(A) and deprived defendant of the right to due process, defendant should have raised the issue in an appeal of Judge Lostracco's ruling regarding the motion for relief from judgment. To the extent that defendant's allegation could be viewed as a claim that evidence was improperly admitted at trial, his claim lacks merit. No evidence was admitted as a result of a violation of defendant's due-process right to the assistance of counsel because there is no constitutional right to an appointed attorney in state postconviction proceedings. Although Judge Lostracco failed to appoint counsel after defendant requested representation, in violation of MCR 6.505(A), the trial court in the instant case properly struck all references to Judge Lostracco's testimony regarding the hearing on defendant's motion for relief from judgment and appropriately instructed the jury to disregard the testimony. Any potential error arising from the introduction of Judge Lostracco's testimony regarding the hearing was properly rectified and reversal is not warranted.

Affirmed.

1. CRIMINAL LAW — TAMPERING WITH EVIDENCE — WORDS AND PHRASES — OFFICIAL PROCEEDING.

The clause "authorized to hear evidence under oath" in the phrase "a proceeding heard before a legislative, judicial, administrative, or other governmental agency or official authorized to hear evidence under oath" in MCL 750.483a(11)(a) merely specifies the type of agency or official before which the proceeding must be heard in order for the proceeding to be considered an "official proceeding" and does not limit an official proceeding to only include a proceeding in which the agency or official hears evidence under oath.

2. CRIMINAL LAW — OBSTRUCTION OF JUSTICE.

Obstruction of justice is generally understood as an interference with the orderly administration of justice; it is impeding or obstructing those who seek justice in a court or those who have

duties or powers of administering justice therein; it is committed when the effort is made to thwart or impede the administration of justice.

3. CONSTITUTIONAL LAW — CRIMINAL LAW — RIGHT TO APPOINTED ATTORNEY — POSTCONVICTION PROCEEDINGS.

There is no constitutional right to an appointed attorney in state postconviction proceedings.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Randy O. Colbry*, Prosecuting Attorney, and *Anica Letica*, Assistant Attorney General, for the people.

*Ronald D. Ambrose* for defendant.

Before: DONOFRIO, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM. Defendant appeals as of right his convictions by a jury of tampering with evidence, MCL 750.483a(6)(a), and attempted obstruction of justice, MCL 750.92; MCL 750.505. Because sufficient evidence supports defendant's convictions and the trial court admitted no evidence in violation of either MCR 6.505(A) or defendant's due-process right to the assistance of counsel, we affirm.

I

In August 2004, Judge Gerald Lostracco, a Shiawassee Circuit Court judge, presided over a jury trial in which defendant was convicted of burning real property, MCL 750.73, and sentenced as a third-offense habitual offender, MCL 769.11, to 11 to 20 years in prison.[1] In August 2008, after having exhausted his

---

[1] This Court considered defendant's appeal of his sentence for burning real property in *People v Kissner*, unpublished opinion per curiam of the

appellate rights, defendant filed a motion for relief from judgment concerning his conviction for burning real property claiming that Judge Lostracco should have disqualified himself from the 2004 trial. The motion stated, in pertinent part, "The trial court erred in failing to *sua sponte* disqualify himself based on personal bias against the defendant where the defendant was [an] ex-boyfriend to and possibly fathered a child by the judge's daughter." Defendant also stated "that he is indigent and requests appointment of counsel in this matter pursuant to MCR 6.505(A)."

Although defendant stated that an accompanying brief would provide facts supporting each ground for relief, no brief in support of the motion is included in the trial-court record. However, defendant filed with the motion an affidavit in support of the motion, that stated, in pertinent part:

(3) That I was personally involved in a romantic relationship, from the summer of 1996 to around November or December of 1998, with Misty Lostracco, who is the daughter of my judge;

(4) That I met Misty Lostracco at [a] local hang-out called "the pits" near the parking lot of the Owosso Theater;

(5) That I have been to the home of Judge Lostracco to visit Misty Lostracco;

(6) That I have stayed the night at Judge Lostracco's home with his permission on several occasions;

(7) That on one occasion, around October of 1998, Judge Lostracco came home to find Misty and I making-out and partially undressed, Judge Lostracco then chased me out of his home and into my vehicle with a baseball bat;

---

Court of Appeals, issued December 20, 2005 (Docket No. 258333), and *People v Kissner*, unpublished opinion per curiam of the Court of Appeals, issued September 18, 2007 (Docket No. 271977).

(8) That Misty Lostracco became pregnant shortly after our break-up[.] No paternity tests have been performed and I am not sure the child is mine;

(9) That there were sexual relations between Misty and I during the time we were seeing each other;

(10) That Judge Lostracco personally knew me by name and appearance;

(11) That I told my trial attorney, Douglas Corwin Jr., prior to trial at a supplemental hearing about the relationship with the Judge's daughter and about the incident with the baseball bat. Defense counsel told me it was nothing to worry about and did not thereafter file a motion for judicial disqualification.

I declare under penalty of perjury that the above statements are True to the best of my knowledge, information, and belief.

Defendant signed both the affidavit and the motion for relief from judgment, and the parties stipulated that Geraldine Harris, a notary with the Michigan Department of Corrections, notarized defendant's signature on the motion and the affidavit, but did not have defendant swear to the truthfulness of the contents.

Judge Lostracco testified in the present case that he did not have a daughter named Misty. Although Judge Lostracco has a daughter, she would have turned 11 years old in the summer of 1996, when defendant alleged his relationship with Misty Lostracco began. Further, Judge Lostracco testified that his daughter had never been pregnant or had a child, was not married, and had recently graduated from college and was working. Judge Lostracco explained that he first became familiar with defendant in late 2001 when defendant appeared before him during court proceedings. Judge Lostracco maintained that he had never seen or had any acquaintance with defendant before that time. He denied ever allowing defendant to come to

his home or chasing defendant with a baseball bat. Judge Lostracco also testified that defendant's statements in his affidavit that he knew Judge Lostracco and his daughter personally were completely false.

Douglas Corwin, Jr., defendant's attorney during the 2004 trial, testified that during his preparation for that trial and in the course of the trial, defendant never stated that he had a relationship with Judge Lostracco's daughter or that he had a physical confrontation with Judge Lostracco. Further, defendant never asked Corwin to file a motion to disqualify Judge Lostracco from hearing the arson case. Corwin testified that defendant's claims that he had told Corwin about his relationship with Judge Lostracco's daughter and that Judge Lostracco had confronted him with a baseball bat were untrue.

Corwin also testified that initially he had been appointed as defendant's counsel in the present case, but at the preliminary examination and in defendant's presence, the trial court had granted his request to withdraw as counsel.[2] According to Corwin, at the end of the preliminary examination he explained to defendant that he was no longer his attorney and that the court would appoint a new attorney for defendant. At this point, defendant began commenting on the charges arising from his filing of the motion for relief from judgment and affidavit, stating, "Geez, they can't take a f—king joke, can they?"

Sergeant Mark Pendergraff of the Michigan State Police interviewed defendant as part of his investigation in the case. Defendant told Pendergraff that he had

---

[2] Corwin requested to be relieved as defendant's trial counsel because of the potential that he would be called as a witness in the matter and because defendant had previously filed a claim charging him with ineffective assistance of counsel.

signed both the motion for relief from judgment and the affidavit and mailed a copy of each to Judge Lostracco and the Shiawassee County Prosecuting Attorney. When asked, defendant stated that all the information contained in each document, and every statement of the affidavit, was true. Defendant also claimed that he knew someone who could verify his relationship with Misty Lostracco, but he refused to give Pendergraff any names. As part of his investigation, Pendergraff attempted to locate any person named Misty Lostracco, but he could find no one named Misty or Melissa Lostracco in the entire United States. Further, Pendergraff found no indication that any person named Misty Lostracco had lived in Michigan between 1996 and 1998.

In January 2009, the prosecutor charged defendant with one count of tampering with evidence, MCL 750.483a(6)(a). At a competency examination, the trial court found defendant competent to stand trial. Approximately one month later, the prosecutor also charged defendant with one count of attempted obstruction of justice, MCL 750.92; MCL 750.505.

At trial, Judge Lostracco testified that he held a hearing on October 6, 2008, regarding defendant's motion for relief from judgment. Although defendant had requested counsel in advance of the hearing, Judge Lostracco had declined the request, reasoning that defendant was not entitled to counsel because he had exhausted his appeal as of right. Judge Lostracco stated that defendant had acknowledged under oath that the documents filed with the court in relation to the motion for relief from judgment were his documents.

After the close of proofs at trial, defendant moved for a directed verdict on both counts, arguing that all evidence regarding the October 6, 2008, hearing should

be struck because defendant had not been appointed counsel pursuant to MCR 6.505(A) and that the remaining evidence was insufficient to find defendant guilty on either count. The trial court denied defendant's motion for a directed verdict, concluding that the "official proceeding" had begun when defendant filed his motion and affidavit. However, the trial court struck the portion of Judge Lostracco's testimony concerning the October 6, 2008, hearing. When instructing the jury, the trial court stated:

> Judge Lostracco testified about a court hearing held on October 6, 2008, at which Mr. Kissner participated by telephone, was sworn and gave certain testimony. I am striking all references to defendant's testimony given by telephone on October 6, 2008, and you are not to consider that testimony in reaching your verdict. You may consider the remainder of Judge Lostracco's testimony.

A jury convicted defendant of both counts on August 12, 2009. Defendant now appeals as of right.

II

Defendant argues that the evidence presented at trial was insufficient to establish beyond a reasonable doubt that he was guilty of tampering with evidence and attempted obstruction of justice. This Court reviews de novo a claim of insufficient evidence in a criminal trial. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). Statutory interpretation is a question of law that this Court considers de novo on appeal. *People v Davis*, 468 Mich 77, 79; 658 NW2d 800 (2003).

When reviewing a claim that the evidence presented was insufficient to support the defendant's conviction, this Court must view the evidence in a light most favorable to the prosecution to determine if a rational trier of fact could find beyond a reasonable doubt that

the prosecution established the essential elements of the crime. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). As a result, "a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). However, to establish that the evidence presented was sufficient to support the defendant's conviction, "the prosecutor need not negate every reasonable theory consistent with innocence." *Id.* "The evidence is sufficient if the prosecution proves its theory beyond a reasonable doubt in the face of whatever contradictory evidence the defendant may provide." *People v Wolford*, 189 Mich App 478, 480; 473 NW2d 767 (1991).

The prosecution need not present direct evidence linking a defendant to the crime in order to provide sufficient evidence to support a conviction; "[c]ircumstantial evidence and reasonable inferences arising from the evidence may constitute satisfactory proof of the elements of the offense." *Id.* A fact-finder may infer a defendant's intent from all the facts and circumstances. *Id.* "Questions of credibility are left to the trier of fact and will not be resolved anew by this Court." *People v Avant*, 235 Mich App 499, 506; 597 NW2d 864 (1999). Furthermore, "[i]t is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002).

### A. TAMPERING WITH EVIDENCE

The prosecution presented sufficient evidence to support defendant's conviction for tampering with evidence. Defendant was convicted under MCL 750.483a(6)(a),

which lists possible punishments for a violation of MCL 750.483a(5). MCL 750.483a(5) states:

> A person shall not do any of the following:
>
> (a) Knowingly and intentionally remove, alter, conceal, destroy, or otherwise tamper with evidence to be offered in a present or future official proceeding.
>
> (b) Offer evidence at an official proceeding that he or she recklessly disregards as false.

Defendant acknowledges in his brief on appeal that the information he provided in his motion for relief from judgment and affidavit was false. He does not dispute that he recklessly disregarded its falsity. He also does not dispute that the affidavit constituted "evidence." Instead, defendant merely argues that he cannot be guilty of tampering with evidence because he did not offer the evidence at an official proceeding. In making this claim, defendant seems to indicate that the allegedly wrongful action at issue was his act of signing the motion and affidavit in front of a notary. According to defendant, because the notary did not "hear evidence" and was not "taking testimony or deposition in that proceeding," but was simply witnessing his signature, defendant's act of signing the motion and affidavit did not constitute a judicial proceeding.

Defendant's argument raises a question of statutory interpretation. In *People v Chavis*, 468 Mich 84, 92; 658 NW2d 469 (2003), our Supreme Court stated:

> When interpreting a statute, our goal is to ascertain and give effect to the intent of the Legislature. *People v Koonce*, 466 Mich 515, 518; 648 NW2d 153 (2002). We begin by reviewing the plain language of the statute. If the language is clear and unambiguous, no further construction is necessary, and the statute is enforced as written. *Id.; Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001).

"Pursuant to MCL 8.3a, undefined statutory terms are to be given their plain and ordinary meaning, unless the undefined word or phrase is a term of art." *People v Thompson*, 477 Mich 146, 151; 730 NW2d 708 (2007). " 'Moreover, words and phrases used in an act should be read in context with the entire act and assigned such meanings as to harmonize with the act as a whole.' " *People v Couzens*, 480 Mich 240, 249; 747 NW2d 849 (2008) (citation omitted).

It appears that defendant's understanding of the term "official proceeding," as used in the statute, is more restrictive than the Legislature intended. MCL 750.483a(11)(a) defines "official proceeding" as "a proceeding heard before a legislative, judicial, administrative, or other governmental agency or official authorized to hear evidence under oath, including a referee, prosecuting attorney, hearing examiner, commissioner, notary, or other person taking testimony or deposition in that proceeding." Although defendant appears to argue that his signing of the motion and affidavit constituted the "proceeding" in question, Black's Law Dictionary (7th ed) indicates that the definition of "proceeding" is much broader. Black's defines "proceeding," in pertinent part, as "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment," and as "[a]ny procedural means for seeking redress from a tribunal or agency." Accordingly, the term "proceeding" encompasses the entirety of a lawsuit, from its commencement to its conclusion.

Further, the requirement that a proceeding must be "heard before a legislative, judicial, administrative, or other government agency or official" does not restrict an "official proceeding" to merely a judicial session in which both parties are present in a courtroom. Instead,

*Random House Webster's College Dictionary* (2d ed, 1997) defines the term "hear," as used in relation to an official proceeding, as "to give a formal, official, or judicial hearing to (something); consider officially, as a judge, sovereign, teacher, or assembly: *to hear a case*" and as "to take or listen to the evidence or testimony of (someone): *to hear the defendant*." Accordingly, a proceeding constitutes an "official proceeding" pursuant to MCL 750.483a(11)(a) when it is officially considered by a judicial official authorized to hear evidence under oath.

MCL 750.483a(11)(a) does not limit an "official proceeding" to only include a proceeding in which the agency or official hears evidence under oath, as defendant appears to contend. In the phrase "a proceeding heard before a legislative, judicial, administrative, or other governmental agency or official authorized to hear evidence under oath," the clause "authorized to hear evidence under oath" merely specifies the type of agency or official before which the proceeding must be heard in order for the proceeding to be considered an "official proceeding."

The parties do not dispute that Judge Lostracco is a judicial official who is authorized to hear evidence under oath. Further, defendant submitted the affidavit in question concurrently with the mailing and filing of his motion for relief from judgment, and he does not dispute that he intended that the affidavit be considered in support of this motion. By filing his motion for relief from judgment, defendant commenced the proceeding for relief from judgment, on which Judge Lostracco officially considered and ruled. Accordingly, filing the motion and affidavit with the court constituted an "official proceeding" as defined in MCL 750.483a(11)(a).

In light of the determination that defendant's filing of the motion and affidavit with the court constituted an "official proceeding," we conclude that defendant

has failed to establish that the evidence was insufficient to support his conviction for tampering with evidence. Again, defendant acknowledges that the information he provided in his motion for relief from judgment and affidavit was false, and he does not dispute that he recklessly disregarded the falsity of the information provided in the affidavit when he filed it with the court and that the affidavit constituted "evidence."

Further, the evidence presented at trial established that defendant filed an affidavit in the Shiawassee Circuit Court claiming that he had been in a romantic relationship with Judge Lostracco's daughter Misty from 1996 to 1998 with Judge Lostracco's knowledge and had possibly fathered Misty's child. The evidence also showed that defendant filed this affidavit in reckless disregard of the fact that Judge Lostracco did not know defendant until 2001, that he did not have a daughter named Misty, that his daughter was between 10 and 13 years old at the time of defendant's claimed relationship with Misty, and that his daughter had never been pregnant. In addition, the evidence establishes that defendant offered the affidavit in support of his motion for relief from judgment and stated in the affidavit, "I declare under penalty of perjury that the above statements are True to the best of my knowledge, information, and belief."[3] Accordingly, the evidence was sufficient to support defendant's conviction for tampering with evidence.

---

[3] In the context of arguing that defendant was not engaged in an "official proceeding" when signing the affidavit, defendant mentioned that the notary who notarized defendant's affidavit was not engaged in hearing evidence because her "role in the present case was one of merely witnessing or attesting to a signature." However, defendant never alleged that the affidavit did not constitute evidence because the notary merely notarized defendant's signature on the affidavit and did not have him swear to the truthfulness of the contents. Because defendant failed to properly establish any claim of error with regard to this issue, we need not address it. *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

## B. ATTEMPTED OBSTRUCTION OF JUSTICE

The prosecution also presented sufficient evidence to uphold defendant's conviction for attempted obstruction of justice. First, defendant argues that he should not have been convicted of attempted obstruction of justice because "attempt" offenses do not exist at common law. However, such an offense does exist at common law and, thus, defendant's contention lacks merit. See *People v Youngs*, 122 Mich 292, 293; 81 NW 114 (1899) (discussing the elements of an attempt at common law). Regardless, MCL 750.92 establishes criminal liability when an individual attempts to commit a crime and performs an act leading toward the commission of that offense, even if the individual fails in, or is otherwise stopped from perpetrating, the offense.[4]

Next, defendant argues that the filing of the motion for relief from judgment and the affidavit did not constitute an attempted obstruction of justice because it did not rise to the level of an offense that interferes with public justice. In *People v Thomas*, 438 Mich 448, 455-456; 475 NW2d 288 (1991), our Supreme Court explained:

> Obstruction of justice is generally understood as an interference with the orderly administration of justice. This Court, in *People v Ormsby*, 310 Mich 291, 300; 17 NW2d 187 (1945), defined obstruction of justice as " 'impeding or obstructing those who seek justice in a court, or those who have duties or powers of administering justice

---

[4] MCL 750.92 states:

Any person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same, when no express provision is made by law for the punishment of such attempt, shall be punished . . . .

therein.' " In *People v Coleman*, 350 Mich 268, 274; 86 NW2d 281 (1957), this Court stated that obstruction of justice is "committed when the effort is made to thwart or impede the administration of justice."

The *Thomas* Court recognized that "at common law obstruction of justice was not a single offense but a category of offenses that interfered with public justice" and that a defendant's conduct must be recognized as constituting one of the offenses falling within the category "obstruction of justice" to warrant a charge of obstruction of justice. *Id.* at 456-458. While the *Thomas* Court only acknowledged the 22 offenses listed in 4 Blackstone, Commentaries (1890), pp 161-177, as indicative of the offenses that interfered with public justice, *Thomas*, 438 Mich at 457 n 5, this Court recognized that the *Thomas* Court did not intend to limit obstruction of justice to include only the offenses listed in Blackstone. *People v Vallance*, 216 Mich App 415, 418-419; 548 NW2d 718 (1996).

Accordingly, defendant would have attempted to obstruct justice if he performed an act leading to interference with the orderly administration of justice by filing the motion and affidavit. Defendant did not provide any argument to support his contention that merely filing these documents did not fall within the category of offenses constituting obstruction of justice. In any event, the evidence presented at trial was sufficient to establish that defendant attempted to obstruct justice when he filed the motion and affidavit.

A jury had convicted defendant of burning real property, and this Court upheld his conviction on appeal. Considered in the light most favorable to the prosecution, the evidence indicated that although defendant knew that the information contained in the motion and affidavit was false, he still filed the motion

and affidavit after he had exhausted his appellate rights in an attempt to have the trial court grant him a new trial. By filing the motion and affidavit requesting that the Shiawassee Circuit Court grant him a new trial on the basis of the false information found in these documents, defendant performed an act leading to interference with the orderly administration of justice. The evidence presented at trial was sufficient to convict defendant of attempted obstruction of justice.

III

Defendant next argues that the trial court's failure to appoint counsel for defendant after he filed the motion for relief from judgment and the affidavit constituted a violation of the court rules and deprived defendant of his right to due process. After the close of proofs at trial, defendant moved for a directed verdict, arguing that all evidence regarding the October 6, 2008, hearing should be struck because defendant had not been appointed counsel pursuant to MCR 6.505(A) and that the remaining evidence was insufficient to find defendant guilty on either count. Although the trial court denied defendant's motion for a directed verdict, the trial court also struck the portion of Judge Lostracco's testimony concerning the October 6, 2008, hearing. Defendant did not challenge the trial court's decision to strike Judge Lostracco's testimony as a means of addressing the error arising from the failure to provide counsel to defendant at the October 6, 2008, hearing. As a result, defendant's claim of error is unpreserved. This Court reviews unpreserved claims of error for plain error affecting the defendant's substantial rights. *People v Carines,* 460 Mich 750, 763-764, 774; 597 NW2d 130 (1999).

Although defendant presents this issue as a due-process violation arising from a failure to receive ap-

pointed counsel, he does not allege that he was deprived of counsel in the present case. Instead, defendant alleges that he was denied due process when Judge Lostracco failed to appoint counsel to represent him in a *separate* proceeding, namely, the hearing regarding defendant's motion for relief from judgment. In other words, defendant's argument appears to be that because Judge Lostracco failed to appoint counsel to represent him regarding his motion for relief from judgment, his convictions for tampering with evidence and attempted obstruction of justice should be reversed, even though these convictions arise from a separate criminal proceeding. To the extent that defendant's argument can be construed as an appeal of Judge Lostracco's refusal to appoint him counsel in the hearing regarding the motion for relief from judgment, defendant should have raised the issue in an appeal of Judge Lostracco's ruling regarding the motion for relief from judgment.

Additionally, to the extent that defendant's allegation could instead be viewed as a claim that evidence was improperly admitted at trial, his claim of error still lacks merit. No evidence was admitted as a result of a violation of defendant's due-process right to the assistance of counsel because there is no constitutional right to an appointed attorney in state postconviction proceedings. *People v Walters*, 463 Mich 717, 721; 624 NW2d 922 (2001). Although Judge Lostracco failed to appoint counsel after defendant requested representation, in violation of MCR 6.505(A),[5] the trial court properly struck all references

---

[5] MCR 6.505(A) states:

   Appointment of Counsel. If the defendant has requested appointment of counsel, and the court has determined that the defendant is indigent, the court may appoint counsel for the defendant at any time during the proceedings under this subchapter. Counsel must be appointed if the court directs that oral argument or an evidentiary hearing be held.

to Judge Lostracco's testimony regarding the October 6, 2008, hearing and appropriately instructed the jurors to disregard the testimony. See *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998) (noting that jurors are presumed to follow their instructions). Any potential error arising from the introduction of Judge Lostracco's testimony regarding the hearing was properly rectified and reversal of defendant's convictions is unwarranted.

IV

We affirm defendant's convictions for tampering with evidence and attempted obstruction of justice. The evidence presented at trial indicated that defendant offered evidence at an official proceeding that he recklessly disregarded as false when he submitted the affidavit to the Shiawassee Circuit Court. That evidence was sufficient to establish a cause of action for tampering with evidence. The evidence presented at trial that defendant filed the motion for relief from judgment in an attempt to have the trial court grant him a new trial, even though he knew the information contained in the motion and supporting affidavit was false, was also sufficient to support defendant's conviction for attempted obstruction of justice.

Because the trial court appropriately struck Judge Lostracco's testimony regarding the October 6, 2008, hearing, the trial court admitted no evidence at trial in violation of either MCR 6.505(A) or defendant's due-process right to the assistance of counsel. Any error arising from the introduction of Judge Lostracco's testimony regarding the hearing was properly rectified and reversal of defendant's convictions is not warranted.

Affirmed. We do not retain jurisdiction.

DONOFRIO, P.J., and BORRELLO and BECKERING JJ., concurred.