# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 15, 2015

Plaintiff-Appellee,

v

No. 317645
Berrien Circuit Court

SHERJUAN ERWIN HAMILTON,

LC No. 2012-004491-FH

Defendant-Appellant.

Before: RIORDAN, P.J., and MARKEY and WILDER, JJ.

PER CURIAM.

After a jury trial, defendant was convicted of tampering with evidence, MCL 750.483a(6)(b), and obstruction of justice, MCL 750.505. The trial court sentenced him to 76 to 240 months' imprisonment for the tampering with evidence conviction and 48 to 240 months' imprisonment for the obstruction of justice conviction. Defendant appeals by right. We affirm.

Defendant argues the trial court improperly admitted evidence under MRE 404(b). We review a trial court's decision to admit or exclude evidence for a clear abuse of discretion. *People v Starr*, 457 Mich 490, 494; 577 NW2d 673 (1998). "A trial court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes." *People v Murphy (On Remand)*, 282 Mich App 571, 578; 766 NW2d 303 (2009).

In this case, a jury found that defendant submitted a forged letter and affidavit in 2011 to the trial court in an attempt to obtain post-judgment relief from a 2008 conviction of first-degree criminal sexual conduct (CSC). The forged letter and affidavit were purportedly written by the CSC victim, who was apologizing to defendant for lying and recanting her testimony at his trial. Pursuant to MRE 404(b), the trial court admitted a letter defendant allegedly wrote to his ex-girlfriend in 2008 that asked the ex-girlfriend to forge a letter from the victim stating that she lied about the CSC charges against defendant. The ex-girlfriend never received the letter.

Evidence of crimes, wrongs, or other acts is inadmissible to demonstrate a defendant's propensity to act in conformity with those acts. *People v Knox*, 469 Mich 502, 510; 674 NW2d 366 (2004). But other acts evidence may be admitted under MRE 404(b) for other purposes, such as proving that the defendant had a common scheme or plan. *People v Sabin (After Remand)*, 463 Mich 43, 63; 614 NW2d 888 (2000). The prosecutor bears the burden of articulating a proper nonpropensity purpose for admission of other acts evidence. *Knox*, 469 Mich at 509. MRE 404(b) permits the admission of evidence where (1) it is offered for a proper

-1-

purpose—something other than character to propensity; (2) the evidence is relevant to a material fact at issue; (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, and (4) the trial court may, upon request, provide a limiting instruction under MRE 105. *Knox*, 469 Mich at 509.

Applying this test to the present case, we find that the trial court did not abuse its discretion in admitting the 2008 letter. First, the evidence was offered for a proper purpose of showing a common scheme or plan.[1] Our Supreme Court has stated that "evidence of similar misconduct is logically relevant to show that the charged act occurred where the uncharged misconduct and the charged offense are sufficiently similar to support an inference that they are manifestations of a common scheme or plan." *Sabin*, 463 Mich at 63.

Here, the 2008 letter to defendant's girlfriend and the 2011 letter and affidavit evidenced defendant's plan to manufacture evidence that would negate his criminal responsibility. In the 2008 letter, defendant asked his ex-girlfriend to write a letter from the victim stating that she was not forced to have sexual intercourse with defendant. The 2011 letter purportedly written by the victim included an apology for lying at trial about defendant's using force, and the affidavit stated that the victim was recanting her testimony. The victim denied writing either document. An inference arises that the 2008 and 2011 letters and the 2011 affidavit are manifestations of defendant's common scheme or plan to try to escape punishment for his CSC conviction. Thus, the 2008 letter was admitted for proper purpose other than propensity for wrongdoing.

Second, the evidence was relevant because it helped prove a material fact at issue. *People v Martzke*, 251 Mich App 282, 293; 651 NW2d 490 (2002). Relevant evidence has some "tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Here, the 2008 letter asking defendant's ex-girlfriend to forge a letter from the CSC victim made it more probable that the letter and affidavit at issue in the present case were also forged, which was a material fact in proving defendant guilty of tampering with evidence. See MCL 750.483a(5); *People v Kissner*, 292 Mich App 526, 534-535; 808 NW2d 522 (2011).

Next, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice to defendant. MRE 403. The fact that evidence prejudices the defendant does not make its admission unfair. *Murphy*, 282 Mich App at 582-583. Unfair prejudice refers to the tendency of the proffered evidence to inject considerations extraneous to the merits of the lawsuit such as bias, sympathy, anger, or shock. *People v Pickens*, 446 Mich 298, 337; 521 NW2d 797 (1994). Unfair prejudice may also exist when there is a danger that the jury will give marginally probative evidence undue or preemptive weight. *Murphy*, 282 Mich App at 583.

Here, defendant's 2008 letter to his ex-girlfriend was more than marginally probative relevant evidence. The 2011 letter and affidavit that defendant offered to the trial court

---

[1] Plaintiff additionally contends on appeal that the evidence was properly offered for the purpose of establishing defendant's identity. We decline to address this contention as only one proper theory is needed to support admission of evidence under MRE 404(b). *Starr*, 457 Mich at 501.

contained similar sentiments to what defendant asked his ex-girlfriend to write in the 2008 letter. Thus, the evidence was highly probative and corroborative of the jury's finding that the 2011 letter and affidavit were forged. Further, the record does not support a finding that the jury would give the 2008 letter undue weight or cause it to decide the case on the basis of bias, shock, or anger or other extraneous matters. Further, the evidence's probative force does not operate through the inference of character to propensity but rather it shows that the 2008 letter was part of defendant's overall scheme or plan to escape punishment for his CSC conviction.

Moreover, the trial court provided the jury with a limiting instruction. A cautionary instruction may limit the potential for undue prejudice, *Murphy*, 282 Mich App at 583, and jurors are presumed to follow instructions from the trial court, *Kissner*, 292 Mich App at 543. Accordingly, defendant was not unfairly prejudiced by admission of the letter in evidence.

We affirm.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Kurtis T. Wilder