*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SUSANNE MARIE MURPHY,

        Defendant-Appellant.

UNPUBLISHED
July 20, 2023

No. 359830
Macomb Circuit Court
LC No. 2018-000270-FH

Before: GADOLA, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Defendant appeals as of right her bench trial conviction for assault with a dangerous weapon, MCL 750.82 ("felonious assault"). Defendant was sentenced to 270 days in jail for the felonious assault conviction. We affirm.

This case arises out of the assault of the victim, Alexandria Glidewell, with a knife by defendant following a verbal altercation during a party. The victim attended a party at the home of Joseph Brazowski in Eastpointe. When the victim and her boyfriend first arrived at approximately 8:00 p.m., Joseph, defendant, and two additional men were present. Approximately an hour into the party, a verbal altercation ensued between defendant and the victim; the victim was positioned inside the screened porch of the residence, while defendant was located just outside of the screened porch in the front yard.

The victim went to the screened porch because she wanted to retrieve her iced tea, and after spotting defendant, the victim accused defendant of having sex in the bathroom with one of the men attending the party. Both parties were alone at the time, and defendant and the victim had not met prior to this incident. The victim testified that "[defendant] called me a b***h and then I called her a wh**e. She called me a c**t and that's when I called her a homey hopper and that's when she had pulled out the knife." Following the exchange of derogatory language, defendant proceeded to pull out a knife from her coat pocket, which the victim described as "kind of like fast. It was in her pocket, her, she put her hand in her pocket while we were exchanging the words, and it was like, I don't know, she just like flung it out of her hand."

-1-

The victim initially testified that she was approximately three inches from the porch screen, and the knife was two inches away from the victim. However, the victim later asserted that there was a span of two feet between each party and the porch screen. Defendant did not approach the victim with the knife; instead, defendant was standing with the knife in her hand directed towards the victim, but the knife did not touch the screen. The victim was particularly concerned at the possibility of being stabbed because the knife was positioned near her stomach, and the victim was 10 weeks pregnant. The victim "freaked out and [she] ran inside the house to tell [her] boyfriend at the time[,]" because she was afraid she "was gonna lose her child if [defendant] actually stabbed [her]."

After the victim informed Joseph of what transpired, Joseph purportedly ordered defendant to leave the house. Five to 10 minutes later, the victim proceeded to step outside to look for the police, who had been contacted. As the victim was walking down the steps of the residence, she observed defendant next to her, and defendant subsequently grabbed the victim by her hair. The two then "tumbled around" for a few minutes until the officers arrived. The officers subsequently arrested defendant.

The sole issue on appeal is whether defendant's conviction should be vacated because there was insufficient evidence to establish an assault, an essential element of a felonious assault conviction.

We review de novo defendant's challenge to the sufficiency of the evidence, *People v Byczek*, 337 Mich App 173, 182; 976 NW2d 7 (2021), considering the evidence in a light most favorable to the prosecution to discern whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt. *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006). "Circumstantial evidence and reasonable inferences arising therefrom may constitute proof of the elements of the crime." *People v Head*, 323 Mich App 526, 532; 917 NW2d 752 (2018) (quotation marks and citation omitted). "With regard to an actor's intent, because of the difficulties inherent in proving an actor's state of mind, minimal circumstantial evidence is sufficient." *People v McKewen*, 326 Mich App 342, 347 n 1; 926 NW2d 888 (2018) (quotation marks and citation omitted).

The crime of felonious assault is addressed in MCL 750.82, which provides, in pertinent part, that "a person who assaults another person with a . . . knife, . . . or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty of a felony . . . ." The elements of a felonious assault are " '(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery.' " *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013), quoting *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). "An assault may be established by showing either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005). Battery has been defined as "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Id.* (quotation marks and citation omitted).

The evidence was sufficient to find that an assault occurred. At trial, the victim testified that defendant, following a heated verbal exchange, proceeded to point a knife towards the victim's

stomach while the two parties were separated by the porch screen. The victim asserted that she "freaked out and [she] ran inside the house to tell [her] boyfriend at the time[,]" because she was afraid she "was gonna lose her child if [defendant] actually stabbed [her]." The trial court subsequently determined that "[t]he production of a knife and whatever motion towards a pregnant woman close to her abdomen where the child is obviously creates an understandable fear of sustaining serious, serious injury." While defendant is correct that the victim never stated that defendant lurched forward with the knife in her hand, or made any sort of stabbing or slashing motion, this Court has held that a rational trier of fact may infer from a defendant's display of a dangerous weapon that he or she intended to cause the fear of an immediate battery. See *Avant*, 235 Mich App at 505-506 (holding that testimony that the defendant "pointed an assault weapon" at the victim's face when the victim was robbed was "sufficient for a reasonable factfinder to find that the elements of felonious assault . . . were established beyond a reasonable doubt").

To this point, the trial court noted, when it denied defendant's motion for a directed verdict, the following:

> Yes, there was a screen between the Defendant and the victim, but the victim clearly testified that she apprehended an immediate battery. Objectively, the knife wasn't held in a downward position, wasn't held away, it was pointed at the victim at a distance, whether it be, the closest, according to the testimony, is five inches, three inches on one side, two inches on the other of the screen, it'd be five inches. Furthest apart would be two feet for one person, two feet for another person, that's four feet, with the knife being pointed with only a screen door between.

Consequently, the court did not focus on any purported movement of defendant with the knife towards the victim; rather, the trial court highlighted that the visibly intoxicated defendant aimed the knife in the victim's direction while separated by a porch screen, and the victim subsequently retreated back into the residence out of fear. Moreover, while defendant asserts that there was no evidence presented regarding an injury suffered by the victim and that defendant herself sustained bruises to her left eye, left cheek, and arms, no actual injury is required to demonstrate that a victim was "in reasonable apprehension of receiving an immediate battery." *Starks*, 473 Mich at 234.

To the extent defendant argues that the victim's testimony lacked credibility because she failed to provide a consistent narrative regarding the distance between herself and defendant during the initial interaction, " '[q]uestions of credibility are left to the trier of fact and will not be resolved anew by this Court.' " *People v Kissner*, 292 Mich App 526, 534; 808 NW2d 522 (2011), quoting *Avant*, 235 Mich App at 506. Furthermore, when reviewing the sufficiency of the evidence, all conflicts in the evidence must be resolved in favor of the prosecution, *People v Kenny*, 332 Mich App 394, 403; 956 NW2d 562 (2020) (citation omitted). Whether defendant and the victim were separated by two to three inches or two feet, the trial court correctly opined that "if it were plexiglass or something solid, maybe that would make it not reasonable that a person would apprehend an immediate battery with a solid barrier between." However, only a porch screen separated the two parties.

Viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could have found from the evidence that defendant brandished a knife and placed the victim

in reasonable apprehension of an immediate battery, which satisfies the elements of felonious assault.

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado